Judith Rand BROCK, Appellant

v.

Don BROCK, Appellee.

No. 05–04–01080–CV.

Court of Appeals of Texas, Dallas.

May 26, 2006.

Judith Rand Brock, Irving, pro se.

Jo Lynne Merrill, Robertson & Merrill, Dallas, for Appellee.

Before Chief Justice THOMAS and Justices MORRIS and LANG–MIERS.

## OPINION

Opinion by Chief Justice THOMAS.

In this divorce action, Judith Rand Brock complains the trial court abused its discretion in awarding three investment accounts and a retirement account to her

ex-husband, Don Brock, as his separate property. For reasons set out below, we affirm.

Appellant and appellee married in May 2002 and separated seventeen months later. Prior to the marriage, appellee had three A.G. Edwards investment accounts (Nos. 802–010044–003, 802–012322–003, and 802–023715–003) and an IRA Rollover account, among other assets. After hearing evidence at trial, the trial court awarded the investment accounts and pre-marriage balance of the IRA to appellee as his separate property and the post-marriage balance of the IRA as his community property. In a single issue, appellant challenges the trial court's characterization and division of these assets. She appears to complain that separate and community funds were commingled to a degree that the funds each became community property. We disagree.

Initially, we note that appellant's argument regarding her issue comprises less than two pages of her brief. In these two pages, appellant makes no specific argument regarding any specific asset. The record includes two volumes of testimony and three volumes of exhibits, including Exhibit 10, which is appellee's records of all four accounts during the relevant period. Appellant, however, does not provide a single citation to the record within her argument. Under these circumstances, we question whether appellant has adequately briefed her complaint See Gen. Servs. Comm'n v. Little–Tex Insulation Co., 39 S.W.3d 591, 598 n. 1 (Tex.2001); Tex. R.App. P. 38.1(h).

■ Even if we concluded the issue was sufficiently briefed, however, appellant has not shown reversible error. When we are asked to review an alleged characterization error, we must determine not only whether the trial court's finding of separate property is supported by clear and convincing evidence, but also whether the characterization error, if established, caused the trial court to abuse its discretion. Prague v. Prague, 190 S.W.3d 31, 38 (Tex.App.-Dallas, 2005, pet. denied). Separate property is property owned or claimed by a spouse before marriage or acquired by a gift, devise, or descent during marriage. Id. Property possessed by either spouse on dissolution of the marriage is presumed to be community property. Tex. Fam.Code Ann. § 3.003(a) (Vernon 1998). To overcome this presumption, the spouse claiming certain property as separate property must clearly identify the property claimed as separate. Prague, 190 S.W.3d at 38.

Appellee testified that prior to his marriage, he had the three A.G. Edwards investment accounts and the IRA Rollover account. Exhibit 10, appellant's records of each of the four accounts, was admitted as evidence and established that the accounts existed prior to the marriage. Appellee testified he did not contribute any money to the investment accounts during the marriage and that all dividend checks from those accounts, to the best of his knowledge, were deposited into the checking account used by him and appellant. In addition, appellee testified that if any assets were sold or bonds matured, the proceeds were used to purchase replacement assets. Under these circumstances, we cannot conclude the trial court erred in characterizing these assets as appellee's separate property.

■ To the extent appellant complains about the IRA rollover account, appellee testified he did invest $3000 in his rollover account during the marriage, but the post-marriage balance of the account was awarded to him as community property, not separate property. And, the evidence showed appellant contributed $3000 to her IRA during the marriage, and that account

was likewise awarded to her as her community property.

Having considered the evidence, we conclude appellant's complaint regarding the property division is without merit.

We affirm the trial court's judgment.